DOCKET No. 19 crim 340 (LTS)       DEFENDANT  Renwick Haddow

AUSA  Vladislav Vainberg / Martin Bell       DEF.'S COUNSEL  Edward J.M. Little
☑ RETAINED   ☐ FEDERAL DEFENDERS   ☐ CJA   ☐ PRESENTMENT ONLY

☐ _____ INTERPRETER NEEDED

☐ DEFENDANT WAIVES PRETRIAL REPORT

☐ Rule 5  ☐ Rule 9  ☐ Rule 5(c)(3)  ☐ Detention Hrg.     DATE OF ARREST _____    ☐ VOL. SURR.
                                                          TIME OF ARREST _____    ☐ ON WRIT
☑ Other:  Consent application                             TIME OF PRESENTMENT _____

## BAIL DISPOSITION

☐ SEE SEP. ORDER
☐ DETENTION ON CONSENT W/O PREJUDICE    ☐ DETENTION: RISK OF FLIGHT/DANGER    ☐ SEE TRANSCRIPT
☐ DETENTION HEARING SCHEDULED FOR: _____
☑ AGREED CONDITIONS OF RELEASE
☐ DEF. RELEASED ON OWN RECOGNIZANCE
☑ $ 400,000.00    PRB  ☑ 2   FRP
☐ SECURED BY $_____  CASH/PROPERTY: Residential property as described in DE#35.
☑ TRAVEL RESTRICTED TO SDNY/EDNY/ XXXX
☐ TEMPORARY ADDITIONAL TRAVEL UPON CONSENT OF AUSA & APPROVAL OF PRETRIAL SERVICES
☑ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS)

☐ PRETRIAL SUPERVISION:  ☐ REGULAR  ☐ STRICT  ☑ AS DIRECTED BY PRETRIAL SERVICES
☑ DRUG TESTING/TREATMT AS DIRECTED BY PTS   ☐ MENTAL HEALTH EVAL/TREATMT AS DIRECTED BY PTS
☐ DEF. TO SUBMIT TO URINALYSIS; IF POSITIVE, ADD CONDITION OF DRUG TESTING/TREATMENT

☑ HOME INCARCERATION   ☐ HOME DETENTION   ☐ CURFEW   ☐ ELECTRONIC MONITORING   ☐ GPS
☐ DEF. TO PAY ALL OF PART OF COST OF LOCATION MONITORING, AS DETERMINED BY PRETRIAL SERVICES

☐ DEF. TO CONTINUE OR SEEK EMPLOYMENT   [OR]   ☐ DEF. TO CONTINUE OR START EDUCATION PROGRAM
☐ DEF. NOT TO POSSESS FIREARM/DESTRUCTIVE DEVICE/OTHER WEAPON

☐ DEF. TO BE DETAINED UNTIL ALL CONDITIONS ARE MET
☑ DEF. TO BE RELEASED ON OWN SIGNATURE, PLUS THE FOLLOWING CONDITIONS: FRPs and security within 30 days.    ; REMAINING CONDITIONS TO BE MET BY: _____

**ADDITIONAL CONDITIONS/ADDITIONAL PROCEEDINGS/COMMENTS:**

See Addendum A attached.

☐ DEF. ARRAIGNED; PLEADS NOT GUILTY                   ☑ CONFERENCE BEFORE D.J. ON  04/30/2020
☐ DEF. WAIVES INDICTMENT
☐ SPEEDY TRIAL TIME EXCLUDED UNDER 18 U.S.C. § 3161(h)(7) UNTIL _____

For Rule 5(c)(3) Cases:
☐ IDENTITY HEARING WAIVED                       ☐ DEFENDANT TO BE REMOVED
☐ PRELIMINARY HEARING IN SDNY WAIVED            ☐ CONTROL DATE FOR REMOVAL: _____

PRELIMINARY HEARING DATE: _____       ☑ ON DEFENDANT'S CONSENT

**DATE:** April 28, 2020            /s/ Laura Taylor Swain
                                    **UNITED STATES DISTRICT JUDGE**

<u>U.S. v. Renwick Haddow</u>, 19 Crim. 340

## Addendum A to Bail Disposition Sheet

1. Defendant shall be released from custody directly from GEO, upon the Court's signing of this Bail Disposition Order, but no earlier than 9:00 a.m. on April 29, 2020.

2. Immediately upon his release from GEO, the defendant must travel directly to 500 Pearl Street to meet with Pretrial Services, whereupon he will be fitted with an ankle bracelet (to the extent available), which he must wear unless and until this Court orders otherwise.

3. On the same date of the defendant's release, the defendant will sign an appearance bond in the presence of a Pretrial Services Officer and/or one of his attorneys.

4. Defendant is placed under 24-hour home incarceration enforced by GPS monitoring technology as determined by the Pretrial Services Office. Defendant may only leave his residence for necessary medical services and, with prior permission of the Pretrial Services Office, to purchase food and necessary accessories. All other leave from the residence must be submitted through defense counsel for the Court's approval.

5. Defendant must self-quarantine at the New York City apartment described in the April 22, 2020, letter to the Court (docket entry no. 35) or another residence approved in advance by the Pretrial Services Office for the first fourteen days after his release.

6. Defendant is permitted to self-install the monitoring equipment at the residence under the direction and instruction of the Pretrial Services Office.

7. Defendant must have access to a smart phone with video-call capabilities for remote/virtual monitoring by the Pretrial Services Office, and will be subject to pretrial supervision as directed by the Pretrial Services Office.

8. Defendant must report and disclose to the Pretrial Services Office if and when any co-habitant of the residence, including himself, shows symptoms of any illness.

9. Within 72 hours of Mr. Haddow's release from custody, the Defendant, his attorney, a representative of the Pretrial Services Office, and the Assistant United States Attorney, must appear for a teleconference. At that teleconference, the Court shall advise Mr. Haddow of the conditions of the bond on the record. The Assistant United States Attorney and/or a representative of this Court's Criminal Intake Unit must represent to the Court, during this call, that the co-signers have been advised of their obligations thereunder. The parties must promptly notify the Court of Mr. Haddow's release from custody.