UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

RENWICK HADDOW,
    a/k/a "Jonathan Black,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

19 Cr. 340 (LTS)

WHEREAS, on or about May 8, 2019, RENWICK HADDOW, a/k/a "Jonathan Black" (the "Defendant"), was charged in a four-count Sealed Information, 19 Cr. 340 (LTS) (the "Information"), with wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Counts One and Three); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two and Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, on or about October 30, 2017, the Hon. Magistrate Judge Barbara C. Moses issued a seizure warrant authorizing the seizure of M/Y "Big Chief," a 120-Foot Motor Yacht, Hull ID 716298 (the "Big Chief") and a Silver 2016 Aston Martin DB9 Volante, bearing Vehicle Identification Number SCFFDAFM1GGB17087 and New York License Plate Number

HER5785 (the "Aston Martin") as proceeds traceable to the wire fraud offenses charged in Counts One through Four of the Information;

WHEREAS, in or about November, 2017, the Government seized the Aston Martin;

WHEREAS, on or about September 28, 2017, in the Southern District of Florida ("SDFL Action"), Biscayne Towing & Salvage, Inc. (the "Biscayne"), commenced a maritime action against the Big Chief to satisfy a maritime lien, *Biscayne Towing & Salvage, Inc. v. M/Y "Big Chief," a 120-Foot Motor Yacht, Hull ID 716298, et al.*, 17 cv. 23593 (S.D. Fl.);

WHEREAS, on or about February 2, 2018, in the SDFL Action the Court entered a stipulation between the Government and Biscayne, authorizing the Government to sell the Big Chief and satisfying Biscayne's claim against the Big Chief from the sale proceeds;

WHEREAS, on or about February 6, 2018, the Government seized the Big Chief;

WHEREAS, on or about May 1, 2018, the Big Chief was sold and following Biscayane's interest being satisfied, $154,411.00 representing the net sale proceeds of the Big Chief were deposited into the Seized Asset Depository Fund (the "Big Chief Sale Proceeds");

WHEREAS, the Government identified the following assets representing proceeds of the wire fraud offenses charged in Counts One through Four of the Information, were subject to a bankruptcy proceeding in England, under the Case Name/Case ID Renwick Robert Haddow, BKT4467011:

  a. The Old Rectory, Church Road, Little Bromley, Manningtree, CO11 2PP, registered at HM Land Registry under title number EX802754 (the "Rectory"); and

  b. Ferrari California, T DD HELE S-A, black, vehicle registration number LF16 BFN (the "Ferrari");

WHEREAS, on or about February 24, 2021, the Rectory was sold and the proceeds of the sale, net of costs, disbursements, and taxes was approximately £1,040,113.79 (the "Rectory Proceeds");

WHEREAS, in or about September 2017, the Ferrari was sold and the proceeds of the sale, net of costs, disbursements, and taxes was approximately £56,459.69 (the "Ferrari Proceeds");

WHEREAS, the bankruptcy trustee has retained the Ferrari Proceeds and the Rectory Proceeds pending the outcome of this criminal case in the Insolvency Services Account at National Westminster Bank, PLC,

WHEREAS, on or about May 23, 2019, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $57,579,790 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with defendants Savraj

Gata-Aura ("Gata-Aura") and James Bernard Moore ("Moore") and the forfeiture money judgments entered against Gata-Aura and Moore in *United States v. Moore,* 18 Cr. 759 (JSR), and jointly and severally liable with any other co-conspirators charged for the conduct described in Counts One through Four of the Information, to the extent forfeiture money judgments are entered against such co-conspirators;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following assets which constitute proceeds of the offenses charged in Counts One through Four of the Information:

    a. the Aston Martin;

    b. the Big Chief Sale Proceeds;

    c. the Ferrari Proceeds; and

    d. the Rectory Proceeds

(a. through d, collectively, the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Vlad Vainberg, of counsel, and the Defendant, and his counsel, Edward J.M. Little, Esq., that:

1. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $57,579,790 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with defendants Savraj Gata-Aura ("Gata-Aura") and James Bernard Moore ("Moore") and the forfeiture money judgments entered against Gata-Aura and Moore in *United States v. Moore,* 18 Cr. 759 (JSR), and jointly and severally liable with any other co-conspirators charged for the conduct described in Counts One through Four of the Information, to the extent forfeiture money judgments are entered against such co-conspirators, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant RENWICK HADDOW, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          10/13/2023
    VLADISLAV VAINBERG                        DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-1029


RENWICK HADDOW


By: _____          _____
    RENWICK HADDOW                            DATE


By: _____          _____
    JOHN MCGOEY, ESQ.                         DATE
    Attorney for Defendant
    Hughes Hubbard & Reed LLP
    One Battery Park Plaza
    New York, NY 10004

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  10/13/2023
VLADISLAV VAINBERG            DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1029


RENWICK HADDOW

By: _____  10/17/2023
RENWICK HADDOW               DATE


By: _____  DATE
JOHN MCGOEY, ESQ.
Attorney for Defendant
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          10/13/2023
VLADISLAV VAINBERG                             DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1029

RENWICK HADDOW

By: _____          _____
RENWICK HADDOW                                 DATE

By: _____          10/17/23
JOHN MCGOEY, ESQ.                              DATE
Attorney for Defendant
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

SO ORDERED.
10/20/2023

_____
Laura Taylor Swain, Chief USDJ

SO ORDERED:

_____        _____
  See preceding page
HONORABLE LAURA TAYLOR SWAIN           DATE
UNITED STATES DISTRICT JUDGE