UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    :

UNITED STATES OF AMERICA

    :    CONSENT PRELIMINARY ORDER

    - v. -    OF FORFEITURE AS TO

    :    SUBSTITUTE ASSETS

RENWICK HADDOW,

    :    19 Cr. 340 (LTS)

    Defendant.

    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about May 8, 2019, RENWICK HADDOW, a/k/a "Jonathan Black" (the "Defendant"), was charged in a four-count Sealed Information, 19 Cr. 340 (LTS) (the "Information"), with wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Counts One and Three); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two and Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, the Information also included a substitute assets provision providing notice that if, as a result of the Defendant's acts or omissions, forfeitable property was unable to be located or obtained, transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which could not be subdivided without difficulty, the United States would seek, pursuant to Title

21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), the forfeiture of any other property of the Defendant;

WHEREAS, on or about May 23, 2019, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, on or about October 24, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 66), which imposed a forfeiture money judgment in the amount of $57,579,790 in United States currency (the "Money Judgment") and ordered the forfeiture to the United States of all right, title and interest of RENWICK HADDOW, a/k/a "Jonathan Black," (the "Defendant") in the certain property (the "Specific Property");

WHEREAS, to date the Money Judgment remains outstanding;

WHEREAS, the Government has identified the following assets of the Defendant which can be forfeited to satisfy the outstanding Money Judgment pursuant to Title 18, United States Code, Section 853(p):

    a.   *"Andy Warhol, 'Marilyn Monroe'"* synthetic polymer and silkscreen inks on canvas 2 ⅜ x 1 ⅞ in. (6 x 4.8 cm.) by Richard Pettibone;

    b.   One painting of pink lips on white background located at Defendant's residence in the Bahamas;

    c.   One painting of a stylized purple horse on white background located at Defendant's residence in the Bahamas;

    d.   One neon infinity mirror heart art piece depicting a pink heart on black background located at Defendant's residence in the Bahamas; and

    e.   One painting titled "Flying Love" by Romero Britto;

(a. through e., collectively, the "Substitute Assets");

WHEREAS, the Defendant consents, pursuant to Title 21, United States Code, Section 853(p), to the forfeiture of all his right, title and interest in the Substitute Assets;

WHEREAS, the Government and the Defendant (the "Parties"), have agreed to an interlocutory sale of the Substitute Assets in order to preserve the value of the Substitute Assets pending a final order of forfeiture;

WHEREAS, the Parties further agree that the United States Marshals Service ("USMS") shall be allowed to sell the Subject Property in a commercially feasible manner with the net proceeds of the sale to be deposited into the Seized Assets Deposit Fund pending further order of this Court; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Micah Fergenson, of counsel, and the Defendant, and his counsel,  John McGoey, Esq. that:

1.	All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.	Upon entry of this Consent Preliminary Order of Forfeiture as to Substitute Assets, the United States (or its designee) is hereby authorized to take possession of the Substitute Assets and to hold such property in its secure custody and control.

3.	Upon entry of this Consent Preliminary Order as to Substitute Assets, the Defendant shall cooperate with the Government to effectuate the transfer of possession of the Substitute Assets to the Government.

4.	The Government will make all reasonable efforts to conduct an interlocutory sale of the Substitute Assets.

5.	In furtherance of the interlocutory sale, the Parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Substitute Assets.

6.	The net proceeds from the sale of the Substitute Assets will include all moneys realized from the sale of the Substitute Assets, except for the following: any costs of seizure, storage, maintenance, sale, sales commission, marketing, and other costs and expenses incurred by the USMS in the seizure, custody, storage, or sale of the Substitute Assets.

7.	The net proceeds from the sale will be held by the USMS in its Seized Asset Deposit Fund pending entry of a final order of forfeiture and will serve as a substitute *res* for the

Substitute Assets (the "Substitute *Res*") in the above-captioned case, with all claims and defenses applicable to the Substitute Assets, including any other action that may be brought by the Office for forfeiture of the Substitute Assets or claims by third parties, to apply instead to, and be payable only from, the Substitute *Res*. Further, any claims or interests attached to or secured by the Substitute Assets shall be transferred to the Substitute *Res* and be satisfied, if at all, only from the Substitute *Res.* Accordingly, the buyer of the Substitute Assets shall take clear title, free of all encumbrances.

8.     The Defendant is hereby barred from asserting any claim against the United States or any of its agents and employees, including the Federal Bureau of Investigation, USMS, Department of Justice, and the United States Attorney's Office for the Southern District of New York, in connection with, or arising out of, the United States' seizure, custody, and interlocutory sale of the Substitute Assets.

9.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Substitute Assets and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Substitute Assets be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney
Southern District of New York
United States of America

By: _____          2/20/2026
Micah F. Fergenson                                         DATE
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, New York 10278
(212) 637-2190


RENWICK HADDOW

By: _____          2/27/26
Renwick Haddow                                            DATE


By: _____          2/27/26
John McGoey, Esq.                                         DATE
Attorney for Defendant
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004


SO ORDERED:

/s/ Laura Taylor Swain                                      3/2/2026

_____          _____
HONORABLE LAURA TAYLOR SWAIN                   DATE
UNITED STATES DISTRICT JUDGE