UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                          :

UNITED STATES OF AMERICA

                          :     **STIPULATION AND ORDER**

     - v. -

                          :     19 Cr. 340 (LTS)

RENWICK HADDOW,
    a/k/a "Jonathan Black,"            :

            Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about May 8, 2019, RENWICK HADDOW, a/k/a "Jonathan Black" (the "Defendant"), was charged in a four-count Sealed Information, 19 Cr. 340 (LTS) (the "Information"), with wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Counts One and Three); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two and Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, the Information also included a substitute assets provision providing notice that if, as a result of the Defendant's acts or omissions, forfeitable property was unable to be located or obtained, transferred or sold to, or deposited with, a third party, placed beyond the

1

jurisdiction of the Court, substantially diminished in value, or commingled with other property which could not be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), the forfeiture of any other property of the Defendant;

WHEREAS, on or about May 23, 2019, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, on or about October 24, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 66), which imposed a forfeiture money judgment in the amount of $57,579,790 in United States currency (the "Money Judgment") and ordered the forfeiture to the United States of all right, title and interest of RENWICK HADDOW, a/k/a "Jonathan Black," (the "Defendant") in the certain property (the "Specific Property");

WHEREAS, to date, the entire Money Judgment remains outstanding;

2

WHEREAS, the Government has identified the following asset of the Defendant as a potential substitute asset which can be forfeited to satisfy the outstanding Money Judgment:

a. The funds Defendant paid to Sunset Harbour Yacht Club, Inc., a Florida Not for Profit corporation (the "Yacht Club") for an equity membership in the Yacht Club (the "Yacht Club Membership");

WHEREAS, on October 31, 2017, Defendant was formally expelled from the Yacht Club for violation of the Yacht Club's membership documents including, among other infractions, the damage Defendant's vessel did to the Club during Hurricane Irma, the Defendant's conduct and Defendant's failure to pay his fees and dues;

WHEREAS, the Government has been advised by the Yacht Club that, since 2017, the Yacht Club has held the funds paid by Defendant to purchase the Yacht Club Membership;

WHEREAS, the Defendant, the Yacht Club, and the Government (the "Parties") have agreed that the funds paid to the Yacht Club for Defendant's Yacht Club Membership less the damages Defendant's vessel did to the Club equals $1,215,441 (the "Yacht Club Funds");

WHEREAS, the Government, the Defendant, the Yacht Club, have agreed, in order to avoid litigation, to resolve their respective interests in the Yacht Club Funds on the terms and conditions set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Micah Fergenson, of counsel, and the Defendant, and his counsel, John McGoey, Esq., and the Yacht Club, and its counsel, Kendall Coffey, Esq., that:

1. The Defendant consents to the transfer of the Yacht Club Funds to the Government.

3

2. Within thirty (30) days from the entry of this Stipulation and Order, the Yacht Club shall remit the Yacht Club Funds to the Government as a payment on the outstanding Money Judgment (the "Payment").

3. The Yacht Club shall make the Payment by bank or certified check payable to the United States Marshals Service and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the Payment on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. In the event the Yacht Club Funds are not remitted to the Government as set forth above, the Government may take action pursuant to Title 18, United States Code, Section 853(p), seeking forfeiture of the Yacht Club Funds as a substitute asset.

6. This Stipulation and Order constitutes the entire agreement between the Parties on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any party or agents of any party that is not contained in this Stipulation and Order shall be enforceable.

7. Each party agrees to bear their own costs and attorneys fees.

8. The Parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

9. The Court shall retain jurisdiction to enforce this Stipulation and Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.     The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney
Southern District of New York
United States of America

By: _____        3/2/2026_____
        Micah F. Fergenson                                    Date
        Assistant United States Attorney
        26 Federal Plaza, 38th Floor
        New York, New York 10278
        (212) 637-2190

RENWICK HADDOW

By: _____        _____
        RENWICK HADDOW                                DATE

By: _____        _____
        JOHN MCGOEY, ESQ.                             DATE
        Attorney for Defendant
        Hughes Hubbard & Reed LLP
        One Battery Park Plaza
        New York, NY 10004

        [ADDITIONAL SIGNATURES CONTINUE ON FOLLOWING PAGE]

8.  The Parties hereby waive all rights to challenge or contest the validity of this Stipulation and Order.

9.  The Court shall retain jurisdiction to enforce this Stipulation and Order, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.  The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and same instrument.


AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney
Southern District of New York
United States of America


By: _____                    _____
    Micah F. Fergenson                                  Date
    Assistant United States Attorney
    26 Federal Plaza, 38th Floor
    New York, New York 10278
    (212) 637-2190



RENWICK HADDOW


By: _____                    2|27|26
    RENWICK HADDOW                                      DATE


By: _____                    2|27|26
    JOHN MCGOEY, ESQ.                                   DATE
    Attorney for Defendant
    Hughes Hubbard & Reed LLP


5

SUNSET HARBOUR YACHT CLUB, INC.

By: _____     3/2/26
John Davis, President                      DATE
SUNSET HARBOUR YACHT CLUB, INC.

By: _____     3/2/2026
Kendall Coffey, ESQ.                       DATE
Attorney for SUNSET HARBOUR YACHT CLUB, INC.


SO ORDERED:

/s/ Laura Taylor Swain                      3/13/2026

_____          _____
HONORABLE LAURA TAYLOR SWAIN                DATE
UNITED STATES DISTRICT JUDGE


6